# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMUEL PENNELLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. _____ |
| ) | |
| BRADFORD POINTE APARTMENTS, INC., ) | |
| d/b/a BRADFORD POINTE APARTMENTS, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the plaintiff, Samuel Pennella, and for his Complaint against the defendant, states:

### COUNT I

1. Plaintiff is an individual citizen and resident of the State of New Jersey.

2. Defendant, Bradford Pointe Apartments, Inc. is a Kansas corporation, with its principal place of business in Kansas. Defendant is, and has been at all times relevant hereto, the owner, manager, and operator of certain real estate situated in Johnson County, State of Kansas, commonly known as Bradford Pointe Apartments, 10709 W. 133rd Terrace, Overland Park, Kansas ("Bradford Pointe"). Defendant may be served at the business address or through its registered agent, Frank L. Oddo, 13801 Mission Road, Leawood, Kansas 66224-0000.

3. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1332(a), this being an action between citizens of different states and there being complete diversity of citizenship among the parties, and the amount in dispute, exclusive of interest and costs, exceeding $75,000.

4. This court has jurisdiction over the person of Bradford Pointe under K.S.A. § 60-304(e), as defendant owns real property in this State and County.

5. Venue is proper in this court under 28 U.S.C. §1391, this being the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

6. Plaintiff entered into a lease with the defendant for the rental of an apartment on the premises of Bradford Pointe Apartments for the term November 1, 2000 through the last day of April 2001, and additional two-month term thereafter as provided by the lease. The last lease term ended June 12, 2001.

7. Plaintiff vacated the premises on or before June 12, 2001.

8. On or about May 1, 2001, while a rent-paying tenant, plaintiff suffered a fall on the premises of Bradford Pointe.

9. Due to defects in the floor, the floor gave way beneath plaintiff, causing him to fall and suffer injury to his person.

10. Defendant knew, or should have known, of the defects in the floor which caused it to give way beneath plaintiff.

11. As owner of the premises, defendant had a duty to disclose its knowledge of defects in the floor to plaintiff.

12. Defendant failed to disclose to plaintiff its knowledge of the defects in the floor.

13. As owner of the premises, defendant also had a covenant to keep the premises in repair and to repair the defects in the floor of the premises.

14. Defendant negligently failed to keep the premises in repair and to repair the defects in the floor.

15. Plaintiff has suffered serious injuries, including but not limited to a full tear of the rotator cuff in his left shoulder.

16. Plaintiff has incurred medical expenses of $5,455.00 to date.

17. Plaintiff has been advised of the need for a surgical repair of the injury, which will cost approximately $13,700.00, plus physical therapy and post-surgical care in the range of $3,000.00 to $5,000.00.  Thus, medical bills alone will be $25,000.00.

18. Besides the medical bills, plaintiff has suffered pain, discomfort, loss of sleep, and loss of the general enjoyment of life, including limitations on his daily and routine activities, all as a result of the injury sustained on the premises owned, operated and maintained by defendant.

19. In addition, because plaintiff is a dentist whose job requires constant use of his hands and arms, this injury has had a serious impact on plaintiff's earning capacity.  Plaintiff has been out of work for several months because of the injury.

20. Plaintiff has been advised to expect six to nine months missed work after the surgery, all made necessary by the injury suffered on defendant's premises.

21. Plaintiff has suffered and will continue to suffer devastating damages to his professional practice.

22. As a result of defects in the floor of defendant's premises, plaintiff has suffered and continues to suffer damages, all in excess of $75,000.00, exclusive of interest and costs.

23. Plaintiff should be compensated for his damages.

WHEREFORE, plaintiff prays for an award of damages in excess of $75,000.00, exclusive of interest and costs, plus such other and further relief as the Court deems just.

## COUNT II

24. Plaintiff incorporates the allegations of paragraphs 1 through 23, above, as if here again fully set forth.

25. Plaintiff was damaged as a result of the negligence of defendant, which negligence was the proximate cause of the damages sustained by the plaintiff. Defendant's negligence includes, but is not limited to the following:

(a) failure to disclose to plaintiff the defects in the floor;

(b) failure to maintain the floor;

(c) failure to inspect and inspect the floor, or to find defects therein;

(d) failure to repair the defects in the floor; and

(e) other negligence and fault to be determined by discovery.

26. As a direct result of the negligence and fault of the defendant, plaintiff has been damaged in the amount in the amount of $500,000.00.

WHEREFORE, plaintiff prays for an award of damages in excess of $75,000.00, plus such other and further relief as the Court deems just.

SPENCER FANE BRITT & BROWNE LLP


**s/ J. Nick Badgerow**
J. Nick Badgerow                    #  9138
Katherine M. Miller                 #20069
9401 Indian Creek Parkway, Suite 700
Overland Park, Kansas 66210
(913) 345-8100
(913) 345-0736 (Facsimile)
E-mail: nbadgerow@spencerfane.com
E-mail: kmiller@spencerfane.com
ATTORNEYS FOR PLAINTIFF